### TOWN OF LEXINGTON v. TOWN OF SHARON.

November 25, 1898.

Nos. 11,332—(119).

Care of Pauper—Verdict Sustained by Evidence.
    Evidence considered, and *held* sufficient to justify the verdict of the jury.

Appeal by defendant from an order of the district court for Le Sueur county, Cadwell, J., denying a motion for a new trial. Affirmed.

*Thos. Hessian*, for appellant.

*Charles C. Kolars*, for respondent.

BUCK, J.

Each party to this action is an organized town in the county of Le Sueur, in this state. The town of Lexington, plaintiff herein, brought the action against the town of Sharon, defendant, to recover for the board and care of one Frank Schaffer, an alleged poor person.

It is claimed by plaintiff that Schaffer was a resident of the town of Sharon from April 8, 1895, to April 9, 1896. Under the laws of this state, for many years prior to the commencement of this action, it was the duty of each town in Le Sueur county to care for and maintain its own poor. There seems to be but little, if any, controversy over the fact that Schaffer was a poor person, unable to earn

a livelihood, and did not have any relatives in this state of sufficient ability against whom the statutory liability for his support could be enforced. The pivotal point in the case seems to be as to whether the poor person, Schaffer, had gained a legal residence and settlement in the said town of Sharon; that is, whether he had resided continuously for one year in said town prior to going to the said town of Lexington, and prior to the time when the latter town cared for and supported him, viz., from October 19, 1896, to February 19, 1897, which care and support were of the alleged value of $15 per month, for which this action is brought against the said defendant town of Sharon, and wherein the plaintiff recovered a verdict against the defendant for the sum of $62.75 damages.

The preliminary proceedings on the part of plaintiff—such as notifying the defendant to take, care for and support Schaffer, his subsequent removal by plaintiff to the defendant town, and the presentation to the latter town by plaintiff of an itemized and verified bill for his care and support during said four months—seem to have been complied with, the said town of Sharon having refused to receive, care for or support him when he was taken to said town by the plaintiff; he was therefore removed from said town of Sharon by it to the said town of Lexington, prior to the time for which he was cared for and supported by the latter, for which this action was brought.

The evidence is quite conflicting, and not very satisfactory, as to the legal residence and settlement of Schaffer during the period beginning April 8, 1895, and ending April 9, 1896. But the questions of fact as they appear by the evidence to have been controverted upon the trial were actual and substantial, not merely formal or colorable, and the verdict should not be disturbed, even if the mere weight of evidence is against the verdict.

The record presents no reversible errors of law, and our conclusion is that the order appealed from should be affirmed. So ordered.